UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SANDEEP VINAYAK

                     Debtor(s)
-----------------------------------------------------------X

*Return Date:* **December 21, 2021**
*Time:* **10:00 a.m.**

Chapter 13
Case No.: 1-21-42537-206

**NOTICE OF MOTION**

SIRS / MADAMS:

      **PLEASE TAKE NOTICE**, that MICHAEL J. MACCO, Chapter 13 Trustee of the above captioned estate, will move before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, on the 21st day of DECEMBER, 2021 at 10:00AM, at the United States Bankruptcy Court located at 271 Cadman Plaza East – Courtroom 3529, Brooklyn, New York 11201, for an Order pursuant to 11 U.S.C. §§§§329(b), 330(a)(1)(A), 521, & 1307(c), and Local Bankruptcy Rule 2017, and Rule 9011 (b), (i) dismissing this case by reason of the debtor(s)' failure to submit monthly pre-confirmation payments, failure to provide and/or file documents, failure to appear at §341 meeting of creditors, (ii) disgorging legal fees in full paid by the debtor to debtor's counsel, Karamvir Dahiya; (iii) turning disgorged fees over to the Clerk of the Court for administration of other cases, and (iv) for such other and further relief as this Court deems just and proper.

      **PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, shall be filed with the Court and served on the undersigned no later than three (3) days prior to the return date of this motion.

Dated: Islandia, New York
        November 24, 2021

Yours, etc.

MICHAEL J. MACCO
Chapter 13 Trustee
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

To:   *Office of the United States Trustee*
      *SANDEEP VINAYAK, Debtor(s)*
      *KARAMVIR DAHIYA, ESQ., Attorney for Debtor(s)*
      *All Interested Parties and Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X    tmm1634
In re:

SANDEEP VINAYAK

Chapter 13
Case No.: 1-21-42537-206

Debtor(s)                                    **APPLICATION**
-------------------------------------------------------X

TO THE HONORABLE JIL MAZER-MARINO, UNITED STATES BANKRUPTCY JUDGE:

    MICHAEL J. MACCO, Chapter 13 Trustee of the above captioned estate, respectfully represents, as follows:

    1. The debtor(s) filed a petition under the provisions of 11 U.S.C. Chapter 13 on October 5, 2021, and thereafter MICHAEL J. MACCO was duly appointed and has qualified as Trustee.

    2. As of the date of this motion, the debtor(s) has failed to submit any monthly pre-confirmation payments to the Trustee.

    3. In addition, as of this date the debtor(s) has failed to provide the Trustee with copies of 2020 personal State and Federal Tax Returns; written appraisal for property; Affidavit of Contribution from spouse totaling $2,605.79; list of business assets and their fair market value including the outstanding accounts receivable; and Operating reports utilizing US Trustee Form for an individual.

    4. Furthermore, the debtor failed to appear at the initial §341 meeting of creditors, held on November 17, 2021 at 10:30 a.m.

    5. The debtors' counsel, Karamvir Dahiya, also failed to appear on the debtor's behalf at the §341 meeting of creditors, held on November 17, 2021 at 10:30 a.m.

    6. As per the Disclosure of Attorney Compensation provided to the Trustee with this petition, Karamvir Dahiya states that the full legal fee charged for preparation of this petition was $3,500.00, and which further states was paid in full prior to the date of filing. A copy of the Disclosure of Attorney Compensation is annexed hereto as *Exhibit "A"*.

    7. Section 329(b) of the Bankruptcy Code clearly states, as follows:

> *"If such compensation exceeds the reasonable value of any such services the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, …"*

    8. Section 330(a)(1)(A) of the Bankruptcy Code clearly states, as follows:

> *"After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court*

> *may award to a trustee, an examiner, a professional person employed under section 327 or 1103 – reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and []"*

9. Rule 9011(b) states that an attorney that signs a bankruptcy petition is certifying that it was not presented for any improper purpose and all legal contentions were warranted by existing law. If the Court determines that Rule 9011(b) was violated, the attorney is subject to appropriate sanctions.

10. The Trustee recommends that Karamvir Dahiya's legal fees be disgorged in full, and turned over to the Clerk of the Court for administration of other cases.

11. This is a material default and is prejudicial to the rights of the creditors of the debtor(s).

**WHEREFORE**, the Trustee requests for an Order pursuant to the provisions of 11 U.S.C. §§§§329(b), 330(a)(1)(A), 521, & 1307(c), and Local Bankruptcy Rule 2017, (i) dismissing this case, (ii) disgorging legal fees in full paid by the debtor to debtor' counsel, Karamvir Dahiya, (iii) turning disgorged fees over to the Clerk of the Court for administration of other cases, and (iv) for such other and further relief as this Court deems just and proper.

Dated: Islandia, New York
       November 24, 2021

*/s/ Michael J. Macco*
Michael J. Macco, Chapter 13 Trustee
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

# Exhibit "A"

10/29/21 3:12PM

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of New York

In re **Sandeep Vinayak**                                                                 Case No. **1-21-42537**
                          Debtor(s)                                                         Chapter  **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **600 an Hour Retainer.00** |
   | Prior to the filing of this statement I have received | $ **3500.00** |
   | Balance Due | $ **0.00** |

2. The source of the compensation paid to me was:
    [✓] Debtor    [✓] Other (specify):

3. The source of compensation to be paid to me is:
    [✓] Debtor    [ ] Other (specify):

4. [✓] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]
       **Includes all bankruptcy contested, non contested matters including adversary proceedings.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **October 29, 2021** | **/s/ Karamvir Dahiya** |
| Date | **Karamvir Dahiya** |
| | *Signature of Attorney* |
| | **Dahiya Law Offices, LLC** |
| | **75 Maiden Lane Suite 606** |
| | **New York** |
| | **New York, NY 10038** |
| | **2127668000  Fax: 2127668001** |
| | **karam@bankruptcypundit.com** |
| | *Name of law firm* |

STATE OF NEW YORK     )
COUNTY OF SUFFOLK    )    ss.:

        STEPHANIE TURNER, being duly sworn deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Suffolk County, New York.

On November 24, 2021 deponent served the within:

**NOTICE OF MOTION AND APPLICATION**

upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

*Sandeep Vinayak*
*84-23 256th Street*
*Floral Park, NY 11001*
*Debtor(s)*

and upon the following parties, by the e-mail address designated by said parties for that purpose;

*Office of the United States Trustee*
*U.S. Federal Office Building*
*USTP.Region02.BR.TFRTDR@usdoj.gov*

*Karamvir Dahiya, Esq.*
*Dahiya Law Offices LLC*
*karam@bankruptcypundit.com*
*Attorney for Debtor(s)*

*Wells Fargo Bank, N.A.*
*LOGS Legal Group LLP*
*Shari S. Barak*
*sbarak@logs.com*

                                                    */s/ Stephanie Turner*
                                                    STEPHANIE TURNER

Sworn to before me this
24th day of NOVEMBER, 2021

*/s/ Janine M. Zarrilli*
NOTARY PUBLIC
Janine M. Zarrilli
Notary Public, State of New York
No. 01ZA5084708
Qualified in Nassau County
Commission Expires October 14, 2025